

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-13-2008

# USA v. Candido Cruz

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4373

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Candido Cruz" (2008). *2008 Decisions.* Paper 236.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/236

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-4373

UNITED STATES OF AMERICA

v.

CANDIDO CRUZ,
Appellant

On Appeal from the United States District Court
for the District of New Jersey
D.C. Criminal No. 06-cr-00521
(District Judge: Honorable Freda L. Wolfson)

Submitted Under Third Circuit LAR 34.1(a)
October 28, 2008

Before: MCKEE, NYGAARD, and MICHEL,[*] *Circuit Judges.*

(Filed:  November 13, 2008)

OPINION OF THE COURT

---

[*] The Honorable Paul R. Michel, Chief Judge of the United States Court of Appeals
for the Federal Circuit, sitting by designation.

MICHEL, *Chief Circuit Judge*.

Candido Cruz, pursuant to a plea agreement containing a waiver of his right to appeal, pleaded guilty to cocaine and firearm charges. The district court sentenced Cruz to 10 years' imprisonment. Cruz's attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw as counsel; Cruz has filed a *pro se* brief. For the reasons that follow, we will affirm the judgment of conviction and sentence.

## I.

Because we write primarily for the parties who are familiar with this case, we need not reiterate the factual or procedural background except insofar as may be helpful to our brief discussion. We simply note that, pursuant to a plea agreement, Cruz entered a guilty plea to one count of distribution and possession with intent to distribute fifty or more grams of substance containing cocaine base (in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii), and 18 U.S.C. § 2), and one count of being a felon in possession of a firearm (in violation of 18 U.S.C. § 922(g)(1)). Under the terms of the plea agreement, Cruz waived the right to appeal (or challenge in any other way) his conviction or sentence if he received a sentence consistent with the U.S. Sentencing Guidelines, or a lesser sentence. Under the Guidelines, Cruz faced a sentence of from 262 to 327 months.

While in custody prior to sentencing, Cruz provided information to law enforcement, and, as a result, the government moved under U.S.S.G. § 5K1.1 to allow the district court to give Cruz a sentence of less than the applicable mandatory minimum.

2

The district court imposed upon Cruz a term of 120 months of imprisonment, followed by eight years of supervised release; the court also imposed fines of $2,000 and a special assessment of $100 for each count.

## II.

### A.

Third Circuit LAR 109.2(a) provides that if "upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*." Our inquiry when counsel submits an *Anders* brief is "twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

In his *Anders* brief, counsel identifies three potential issues for appeal but concludes that all three are frivolous. These three issues are: (i) whether the district court had jurisdiction over Cruz's case; (ii) whether Cruz's plea met the constitutional and statutory requirements for validity; and (iii) whether the sentence imposed was legal. After independently reviewing the record, we agree with defense counsel's contention that none of these issues has merit.

The district court exercised jurisdiction pursuant to 18 U.S.C. § 3231.[1]

The record shows that the court thoroughly and accurately informed Cruz of the charges against him, the rights he would forego by entering a guilty plea, the maximum possible penalty, the nature of the U.S. Sentencing Guidelines, and the restrictions on appeal and collateral attack accepting the plea agreement would entail. *See United States v. Schweitzer*, 454 F.3d 197, 202-03 (3d Cir. 2006). The district court postponed the sentencing hearing to ascertain the nature and extent of Cruz's medication.[2] During a later appearance, Cruz stated that he had read the entire plea agreement, discussed it with his attorney, and understood its terms. We find nothing on this record to support any claim that the plea was anything other than knowing, voluntary, and intelligent.

It is also clear from the record that the district court's sentence was legal. The parties agreed that Cruz's presumptive sentence from the guidelines would be between 262 and 327 months. The district court sentenced Cruz to only 120 months' imprisonment and 96 months of supervised release.

---

[1] We have appellate jurisdiction under 18 U.S.C. § 3742(a). *See United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006).

[2] The record reflects that the chief psychologist at the Federal Detention Center in Philadelphia reported to the district court that Cruz took, *inter alia*, fluoxetine (an antidepressant) and risperidone ("taken to improve Mr. Cruz's capacity for organized thinking and to reduce any delusions or hallucination"). Am. Appx. at 83a.

4

B.

In his informal brief, Cruz raises two issues:  First, he claims that he was told that because of his cooperation, he would receive a sentence of five, not ten, years.  Second, he states that his sentence is too long in light of his "exquisofrenia."[3]

In his brief, Cruz indicates that both his lawyer and "the F.B.I." lied to him that he would receive a five-year sentence in exchange for his cooperation.  However, at his plea hearing, Cruz informed the district court that no one had made any promises to him different from those contained in the plea agreement.  Am. Appx. at 97a.  Additionally, pursuant to the plea agreement, Cruz gave up the right to appeal any sentence at or below the guidelines range.  "[P]lea agreements must be construed according to the general principles of contract law," *McKeever v. Warden SCI-Graterford*, 486 F.3d 81, 95 (3d Cir. 2007), and Cruz does not allege any breach of the plea agreement by the government. We thus must hold Cruz to his end of the bargain; he cannot challenge his sentence because it is less than 327 months.

Cruz's schizophrenia was discussed before the district court.  *See, e.g.*, Am. Appx. at 149a.  The district court was careful to ensure that Cruz understood each aspect of his plea agreement, the charges against him, and the consequences of pleading guilty.  We see no error in the district court's determination that Cruz's medication allowed him to

---

[3]  *Esquizofrenia* is Spanish for *schizophrenia*.

5

sufficiently understand the proceedings against him and participate meaningfully. *See* 18 U.S.C. § 4241.

III.

For the foregoing reasons, we will affirm Cruz's conviction and judgment of sentence. The motion of Cruz's attorney to withdraw is granted. Lastly, there is no meritorious issue requiring counsel to seek a writ of *certiorari* with the Supreme Court. *See* 3d Cir. L.A.R. 109.2 (2002)